STATE EX REL. GAINES V. STATE MEDICAL BOARD ET AL.

MANDAMUS DOES NOT LIE TO COMPEL STATE MEDICAL REGISTRATION BOARD TO HOLD EXAMINATION AT PLACES DESIGNATED BY STATUTE AND TIMES FIXED BY COURT.

Act 99 O. L. 492 (Gen. Code 1273), prescribing the places for holding of examinations by the state board of medical registration for admission to the practice of medicine and surgery, being silent as to the time when examinations shall be held in the designated places, the duty of fixing times and places reposes in the board in the first instance; and, in the absence of abuse of discretion shown on the part of the board as to which, mandamus will not lie to compel the board to hold examinations in any place so designated and at the time prayed for by relator.

The petition alleges that the relator, Benjamin Gaines, is a resident of the city of Cincinnati, in the county of Hamilton and state of Ohio, and is a duly matriculated student of the Ohio Medical College of the University of Cincinnati, where he has been pursuing his studies for four years.

That he has complied with all the rules of said college and university and with all the requirements of the law of Ohio relative to students of medicine and surgery, and is now entitled to enter upon his final examination for graduation from said college and university and for his professional degree, and to be examined for his certificate or license to practice medicine in this state, under the law of Ohio. .

That the defendant, the State Medical Board of Ohio, is an official body of this state, whose duty among other things is to hold examinations for certificates or licenses to practice medicine and surgery within this state of all proper applicants for such examinations; such examinations to be held in the cities of Cincinnati, Cleveland, Columbus and Toledo.

Relator complains that said board and individual respondents have fixed and prescribed, under the laws of Ohio, an examination to be held in the city of Columbus solely and exclusively on June 8, 9, and 10, 1909, and have so notified the

relator and other medical students in the said city of Cincinnati and vicinity thereto, and have failed and refused to fix and prescribe such an examination under said law in the city of Cincinnati on such dates or any other date or dates reasonably near thereto and still fail and refuse so to do, although requested so to do by relator and others entitled to such examination in the city of Cincinnati.

Relator states that said action on the part of the board will entail upon him and many other medical students in the same situation with him in the city of Cincinnati and throughout the state of Ohio great vexation and expense, requiring the relator and them to journey to and from Columbus, Ohio, from great and unreasonable distances therefrom, and pass there several days in taking said examinations; that said action on the part of respondent is arbitrary and discriminating against the relator and others in the same situation with him under said law; that an examination held at Cincinnati, Ohio, under said law at any other time or times than on said dates June 8, 9 and 10, 1909, or other date or dates reasonably near thereto, would be an unjustifiable discrimination and hardship against the relator and others in the same situation with him under said law of Ohio, in that it would require him and them to present themselves for such examinations long after the close of their medical college course, and is without legal justification and is contrary to the law.

Relator further says that he is without any adequate remedy at law.

Wherefore, your relator prays that a writ of mandamus may issue out of this court to the said board, and to the individual members thereof, requiring it and them to hold said medical examinations as required by the law of Ohio, in the city of Cincinnati, on June 8, 9 and 10, 1909, or other date or dates reasonably near thereto, or to show cause to this court at a date to be fixed for refusing to do so.

*Sanford Brown,* for relator.

**GIFFEN, P. J.**

Section 30 of act 99 O. L. 492 (Gen. Code 1273), "To revise and consolidate the laws relating to the powers and

State v. State Medical Board.

duties * * * of the state board of medical registration and examination" provides as follows:

"The examinations of applicants for certificates to practice medicine or surgery shall be conducted in the cities of Cincinnati, Cleveland, Columbus and Toledo, under rules prescribed by the state medicine board."

This provision needs no construction to determine that it is the duty of such board to cause an examination to be conducted in the city of Cincinnati as well as in Columbus; but the act is entirely silent as to when it shall be done, and hence a reasonable time will be implied, which must in the first instance be determined by the board from all the circumstances of the case. *State* v. *Barberton (Bd. of Ed.)*, 76 Ohio St. 297 [81 N. E. Rep. 568; 10 Ann. Cas. 879].

It may be assumed that said section was intended to accommodate students of medicine completing the course of instruction in or about the respective cities named—not a particular class, but the student body of each city and vicinity. There is no allegation in the petition when the current school year ends at the Ohio Medical College of the University of Cincinnati, or at any other college if there be such in or near the city. Nor is the pleader aided by the averment of the conclusion that the relator and others in the same institution with him would be required to present themselves for examination "long after the close of their medical college course."

The welfare of the majority is superior to that of a minority, and there is no allegation in the petition that all or a majority of the Cincinnati students are demanding or would be benefited by an examination on June 8, 9 and 10 or near thereto. How then can we say that the board has abused the discretion vested in it and grant relief, when the rule of law justifying interference by the courts requires that such abuse be clearly shown? *Sycamore (Bd. of Ed.)* v. *State*, 80 Ohio St. 133 [88 N. E. Rep. 412].

It may be that a majority of such applicants may prefer to and will attend the examination at Columbus on the days named, and while this result would not relieve the board from

44 O. C. C.  Vol. 32.

Hamilton County.

holding an examination in Cincinnati, it would have much weight in determining whether the board had abused its discretion in declining to hold it on or about June 8, 9 and 10.

We are constrained to hold therefore that the allegations of the petition fail to show a clear abuse of discretion and do sustain the motion to quash the alternative writ.

**Smith** and **Swing, JJ.,** concur.